UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                    Case No. 10-20766

NICHOLE HOLLINGSWORTH,                  HON. AVERN COHN

    Defendant.
_____/

## MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO VACATE SENTENCE UNDER 28 U.S.C. § 2255 (Doc. 180)

I.

This is a criminal case. In 2013, defendant was sentenced to 15 years imprisonment (the mandatory minimum) following her plea of guilty to conspiracy to produce child pornography, in violation of 18 U.S.C. § 2251.

Before the Court is defendant's motion to vacate under 28 U.S.C. § 2255. Defendant says she is entitled to relief from her sentence based on the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015) and on the grounds that she should have been given a mitigating role adjustment. See Docs. 180, 186. The government filed a response (Doc. 188), contending that the motion should be denied as untimely and for lack of merit. The Court agrees. The reasons follow.

II.

Title 28 U.S.C. § 2255 provides:

"A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, ... or that the

sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

To prevail under § 2255, Petitioner must show a "fundamental defect which inherently results in a complete miscarriage of justice." U.S. v. Timmreck, 441 U.S. 780, 783 (1979) (quoting Hill v. U.S., 368 U.S. 424, 428 (1962)).

III.

A.

The government first says that the motion is untimely.  Subsection 2255(f) states:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).  Unless one of the three exceptions provided in section 2255(f)(2)-(4) applies, the statutory period begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1).

Here, defendant was sentenced on August 1, 2013.  She did not appeal her conviction.  Thus, her conviction became final when the time for filing a direct appeal expired, or 60 days later.  Sanchez-Castellano v. United States, 358 F.3d 424, 426 (6th Cir. 2004).  Defendant's time period began to on October 1, 2013 and continued for one year, until it expired on October 1, 2014.  Defendant filed her motion to vacate on

August 29, 2016, nearly two years after her statute of limitations expired. As such, the motion is untimely.

B.

Defendant, however, says her motion is timely because of the Supreme Court's decision in Johnson. In Johnson, the Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii), (ACCA) which defines the term "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. In Welch v. United States, 136 S. Ct. 1257 (2016), the Court held that Johnson announced a substantive rule of constitutional law that applies retroactively to ACCA cases on collateral review.

Even if defendant filed a timely motion under Johnson, the motion must still be denied for lack of merit. As to her claim for relief based on Johnson, defendant was not sentenced under the ACCA. Nor was her sentence based on guidelines provisions—such as the career offender enhancement or the firearms guidelines—that employ a similarly-vague residual clause to enhance sentences. Defendant's sentence was not based on any prior "crime of violence" conviction. To the contrary, defendant's sentence represented the statutory mandatory minimum for conspiracy to produce child pornography (regardless of prior convictions). See 18 U.S.C. § 2251. Thus, Johnson simply does not apply to her sentence.

Defendant's claim seeking a mitigating role adjustment also fails. Defendant received the lowest sentence allowed by law. A mitigating role assessment—even if it could be applied—would not lower her sentence. As such, she is not entitled to relief on

3

this ground.

IV.

For the reasons stated above, defendant's motion under § 2255 is DENIED. Furthermore, reasonable jurists would not debate whether the issues deserve encouragement to proceed further. The Court therefore DENIES a certificate of appealability under 28 U.S.C. § 2253(c)(2).[1]  See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

SO ORDERED.

                                                        S/Avern Cohn
                                                        AVERN COHN
                                                        UNITED STATES DISTRICT JUDGE

Dated: December 15, 2016
       Detroit, Michigan

---

[1] The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. See Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.